JUDGE OETKEN



12 CIV 1216

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SUNILDA GUZMAN, JOSEFINA DIAZ, TOMASINA
VENTURA, JENNIFER JIMENEZ, AND N.J., a minor
by her guardian, Sunilda Guzman

                                     12 Civ.

                        Plaintiffs,

                          vs.                                        **COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICERS
JOHN DOE and RICHARD ROE (names and
number of whom are unknown at present), and
other unidentified members of the New York City
Police Department                                   **JURY TRIAL**
                                                                             **DEMANDED**

                        Defendants
---------------------------------------------------------------X

        Plaintiffs by and through their attorneys, Emery Celli Brinckerhoff & Abady LLP, for their complaint alleges as follows:

### PRELIMINARY STATEMENT

        1.        This is an action to recover money damages arising out of defendants' violation of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiffs were victimized by an unreasonable and destructive search of their home by police officers who were either executing a search warrant or an arrest warrant. Plaintiffs were deprived of their constitutional and common law rights when they were held for hours when it was immediately apparent that the police officers had entered the wrong home.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3.      The plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district and plaintiffs reside in this district.

## PARTIES

5.      The plaintiffs, Sunilda Guzman, Josefina Diaz, Tomasina Ventura, Jennifer Jiminez, and N.J., are and were at all times relevant herein residents of the City of New York, State of New York.

6.      New York City Police Officers John Doe and Richard Roe are and were at all times relevant herein officers, employees and agents of the New York City Police Department. Officers John Doe and Richard Roe are being sued herein in their individual and official capacities.

7.      At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

8.      Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

9.      Plaintiff Sunilda Guzman is a 66 year old woman who has lived and has raised her family in apartment 45 at 220 Audubon Avenue, New York, New York for 35 years.

10.     Plaintiff Tomasina Ventura is her next door neighbor and she has lived at 220 Audubon Avenue for approximately seven years.

11.     Plaintiff Josefina Guzman is a friend of Ms. Guzman.

12.     Plaintiffs Jennifer Jimenez and N.J. at the time of the incident were both minor

children who Ms. Guzman was raising after the death of their mother.

13. Each day at around 4:00 in the afternoon plaintiffs, Sunilda Guzman, Tomasina Ventura and Josefina Diaz, gather in the kitchen of Ms. Guzman to drink coffee and talk.

14. They were sometimes joined by Jennifer Jimenez and N.J. after they arrived home from school.

15. On November 19, 2010 at approximately 4:00 p.m., plaintffs were in Sunilda Guzman's kitchen having coffee.

16. Suddenly and without any warning they heard a loud crashing of the front door to the apartment.

17. The crashing was immediately followed by loud voices and the sounds of feet running towards where they were in the kitchen.

18. Plaintiffs were petrified and their fear increased when they saw that the people who had entered the apartment had guns pointed at them.

19. The plaintiffs were told to get up and Sunilda Guzman and Josefina Diaz were pushed against a wall.

20. Everyone was told by the defendant police officers to shut up while they conducted a check of other rooms in the apartment.

21. After checking all the rooms one of the defendant officers showed plaintiff Guzman a picture of a man and asked if she knew who he was.

22. Plaintiff Guzman after looking at the picture informed the defendant officer that the person in the picture lived in apartment 44 and that they were in apartment 45.

23. The information provided by plantiff Guzman was also provided by plaintiffs

4

Jennifer Jimenez, Josefina Diaz, and Tomasina Ventura.

24. The plaintiffs informed the officers that they were in the wrong apartment.

25. Although it was obvious that the officers were in the wrong apartment the defendant officers proceeded to take all five plaintiffs out in the hallway.

26. The plaintiffs were held in the hallway in police custody in full view of their neighbors.

27. Plaintiffs were not allowed to leave and they were guarded by three officers.

28. Plaintiffs repeatedly told the officers that they were at the wrong apartment but the defendant officers ignored plaintiffs.

29. After more than three hours where the officers conducted a destructive search of plaintiff Sunilda Guzman's apartment the plaintiffs were released.

30. No drugs were found in plaintiffs' apartment nor was anyone arrested and taken to the precinct.

31. The assault on plaintiffs, the destructive and unreasonable search of plaintiffs' apartment, as described above, by defendants John Doe and Richard Roe was far in excess of their rightful authority as New York City police officers. The assault on plaintiffs was made without proper cause.

32. The assault, battery, false imprisonment, and false arrest upon plaintiffs by defendants caused plaintiffs to sustain pain and suffering and psychological and emotional trauma.

33. A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 33 with the same force and effect as if more fully set forth at length herein.

35. Defendants John Doe and Richard Roe who were acting in concert and within the scope of their authority, arrested and caused plaintiffs to be imprisoned without probable cause in violation of plaintiffs' right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment Rights

36. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully set forth at length herein.

37. The use of excessive force by Defendants John Doe and Richard Roe in detaining plaintiffs, Sunilda Guzman and Josefina Diaz, was an objectively unreasonable physical seizure of plaintiffs in violation of their rights under the Fourth Amendment to the United States Constitution.

## THIRD CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment Rights

38. The plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 37 with the same force and effect as if more fully set forth at length herein.

39. Defendants John Doe and Richard Roe, who were acting in concert and within the scope of their authority, caused the unnecessary destruction of plaintiff Sunilda Guzman's property during an unlawful and/or unreasonably conducted search of plaintiff's home in violation of plaintiff's right to be free of an unreasonable search and seizure under the Fourth Amendment to the Constitution of the United States.

## FOURTH CAUSE OF ACTION

### Assault

40. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 39 with the same force and effect as if more fully set forth at length herein.

41. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiffs Sunilda Guzman and Josefina Diaz in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiffs, and that such act(s) caused apprehension of such contact in the plaintiffs.

42. Defendants John Doe and Richard Roe were at all times agents, servants, and

employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

43.  Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FIFTH CAUSE OF ACTION

#### Battery

44.  The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 43 with the same force and effect as if more fully set forth at length herein.

45.  The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiffs, when they, in a hostile and/or offensive manner grabbed and pushed plaintiffs Sunilda Guzman and Josefina Diaz without their consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiffs and caused such battery.

46.  Defendants John Doe and Richard Roe were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

47.  Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CAUSE OF ACTION

### False Arrest

48.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 47 with the same force and effect as if more fully set forth at length herein.

49.     The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine plaintiffs and, in fact, confined plaintiffs, and plaintiffs were conscious of the confinement. In addition, plaintiffs did not consent to the confinement and the confinement was not otherwise privileged.

50.     Defendants John Doe and Richard Roe were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

51.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SEVENTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

52.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 51 with the same force and effect as if more fully set forth at length herein.

53.     The City of New York and its employees, servants and/or agents acting within the

scope of their employment did negligently hire, retain, train and supervise Defendants John Doe and Richard Roe individuals who were unfit for the performance of police duties on November 19, 2010, at the aforementioned location.

54. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

55. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for relief as follows:

That the jury find and the Court adjudge and decree that plaintiffs shall recover compensatory damages in an amount to be determined at trial against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in an amount to be determined at trial against the individual defendants, jointly and severally.

1. That the plaintiffs recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

2. That the plaintiffs have such other and further relief as the Court shall deem just and proper.

DATED: New York, New York
February 16, 2012

                                              EMERY CELLI BRINCKERHOFF & ABADY LLP

By: _____
Earl S. Ward (EW 2875)

75 Rockefeller Plaza, 20th Floor
New York, NY 10019
(212) 763-5000

Attorneys for Plaintiffs